UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THOMAS C SOURAN,

        Plaintiff,

   v.

                           Case No. 21-cv-0411-bhl

GARDEN GROVE INC,
JOHN FONK, and
KELSEY MAYNARD,

        Defendants.

## DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO AMEND

        On March 31, 2021, Plaintiff Thomas C Souran filed a complaint alleging that Defendants Garden Grove, Inc., John Fonk, and Kelsey Maynard were liable "as individuals operating a criminal enterprise, for violating [Souran's] right to dealing fair with the residential lease that was executed between the parties." ECF No. 1 ¶ 1. Souran invokes multiple legal theories, including: (1) the Racketeer Influenced and Corrupt Organization ("RICO") Act; (2) the Wisconsin Organized Crime Control Act; (3) common law fraud; (4) civil conspiracy; (5) violations of his due process and equal protection rights; and (6) breach of contract. *Id.* On May 19, 2021, Defendants moved to dismiss the complaint. ECF No. 9. Plaintiff responded on July 23, 2021, filing both a brief in opposition and a motion for leave to file an amended complaint. ECF No. 17. On July 29, 2021, Defendants filed a reply brief. ECF No. 18. On August 3, 2021, Plaintiff filed an unauthorized surreply, which he incorrectly called a "reply" brief. ECF No. 19. With these matters fully briefed, the Court will grant Defendants' motion to dismiss and deny Plaintiff's motion to amend.

### BACKGROUND ALLEGATIONS

        In 2018, Souran signed a lease to rent a mobile home from Defendant Garden Grove, Inc. ECF No. 10 at 1. Defendants Fonk and Maynard are presumably owners and/or employees of Garden Grove. *See* ECF No. 1 ¶¶ 1–10. According to Souran, Defendants: fraudulently increased

the amount of his monthly rental statements; failed to record his monthly rental payments; improperly issued 5-day notices to pay rent in an attempt to harass him; and fraudulently altered his application to the State of Wisconsin for rental assistance. *Id.* ¶ 1. He further contends that Defendants issued statements threatening criminal sanction against him after his rent check was returned for insufficient funds and that Defendants delayed in repairing his deck. *Id.* ¶¶ 18-19.

## LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, the Court must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff's favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016) (citing *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013)). "To survive a motion to dismiss, the complaint must 'state a claim to relief that is plausible on its face.'" *Roberts*, 817 F.3d at 564 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Roberts*, 817 F.3d at 564-65 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The complaint must do more than recite the elements of a cause of action in a conclusory fashion." *Roberts*, 817 F.3d at 565 (citing *Ashcroft v. Iqbal*, 556 U.S. at 678 (2009)).

## ANALYSIS

Defendants move to dismiss Souran's complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that he has failed to plead the elements of the alleged violations. ECF No. 10 at 2–10. Defendants insist Souran is improperly trying "to manufacture a federal case out of a local landlord-tenant dispute." *Id.* at 1. The Court agrees. Indeed, only two of Souran's claims raise federal claims. In Count II, Souran asserts a violation of the RICO statute, 18 U.S.C. § 1962(c) and (d). In Count V, he alleges Defendants violated his due process and equal protection rights. Neither of these claims is properly pleaded.

Plaintiff fails to state a claim for a RICO Act violation (Count II). Souran generally invokes 18 U.S.C. § 1962(c) and (d). To proceed under section 1962(c), Souran must allege facts sufficient to show that Defendants (1) participated in the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S. Ct. 3275, 3285, 87 L. Ed. 2d 346 (1985). To proceed under section 1962(d), Souran "must allege facts establishing a plausible claim that: (1) defendants agreed to conduct or participate in the affairs of an enterprise through a pattern of racketeering activity; and (2)

defendants further agreed that someone would commit at least two predicate acts to accomplish those goals." *Edgenet, Inc. v. GS1 AISBL*, 742 F. Supp. 2d 997, 1020 (E.D. Wis. 2010) (internal citations omitted). Souran's complaint does not remotely satisfy the pleading requirements for either subsection. Among other failures, Souran does not adequately allege a RICO enterprise, which requires a structure and goals aside from the alleged "predicate acts" themselves. *See United States v. Korando*, 29 F.3d 1114, 1117 (7th Cir. 1994). Nor does he allege how any purported enterprise was engaged in interstate or foreign commerce, as required by the statute. *See* 18 U.S.C. § 1962(c). The RICO statute does not federalize what is at best a state law dispute. *See Gamboa v. Velez,* 457 F.3d 703, 710 (7th Cir. 2006).

Plaintiff fares no better with his attempt to inflate his lease dispute into constitutional violations. Defendants are a private company and two private citizens. Souran does not allege that they were acting on behalf of the government. But constitutional due process and equal protection claims can only be brought against state actors or private citizens alleged to be in conspiracy with state actors. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150–52, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). This claim must also therefore be dismissed.

The balance of Souran's claims are based on state law theories. Having concluded that Souran has no federal claim, the Court will relinquish supplemental jurisdiction over the remaining claims. *See* 28 U.S.C. § 1367(c)(3); *Lavite v. Dunstan*, 932 F.3d 1020, 1034 (7th Cir. 2019).

The Court will also deny Souran's motion to amend, ECF No. 17. Souran failed to attach the proposed amended complaint to his motion as required by Civil Local Rule 15(b). ("A motion to amend a pleading must state specifically what changes are sought by the proposed amendments. The proposed amended pleading must be filed as an attachment to the motion to amend."). This alone is sufficient for the Court to deny the motion. But even if the motion had been properly filed, the Court would deny it. This case is a landlord-tenant dispute. Any further attempt to frame it as a federal RICO or civil rights case would be futile.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendants' motion to dismiss, ECF No. 9, is **GRANTED**, and Plaintiff's motion to amend, ECF No. 17, is **DENIED**. Plaintiff's complaint, ECF No. 1, is **DISMISSED with prejudice**.

Dated at Milwaukee, Wisconsin on September 10, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge